IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CIVIL ACTION NO: 8:17-CV-454-T-23MAP

LAURA KAPPOS,

       Plaintiff,

vs.

BDA MANAGEMENT, LLC,

       Defendant.

_____/

## COMPLAINT
*[Jury Trial Demanded]*

Plaintiff, Laura Kappos, for this Complaint against Defendant, BDA Management, LLC states and alleges the following:

### SUMMARY

1.     BDA Management, LLC (hereinafter "Defendant") required and/or permitted Laura Kappos (hereinafter "Plaintiff") to work in excess of forty hours per week but refused to compensate her properly for such hours.

2.     Defendant's conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. See, 29 U.S.C. § 207(a).

3.     Plaintiff is a FLSA non-exempt worker who has been denied overtime pay required by law, for which she now seeks recovery.



## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 201, Et. Seq. and 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this judicial district because Defendant engages in business within this Court's judicial district.

## THE PARTIES

6.      Defendant BDA MANAGEMENT, LLC is a domestic limited liability company which conducts business in Polk County, Florida.

## COVERAGE

7.      Defendant BDA MANAGEMENT, LLC is an enterprise that engages in commerce or in the production of goods for commerce.

8.      Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff.

9.      Accordingly, Defendant is both a covered "enterprise" and an "employer" under the FLSA.

10.     Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

11.     In furtherance of Defendant's business, Defendant engaged in interstate commerce by utilizing interstate mail, billing interstate insurance companies, conducting business in multiple states throughout the United States and Defendant's employees handled, sold or otherwise utilized goods and materials and handled equipment that had been moved in or produced for such commerce.

## FACTUAL ALLEGATIONS

12.     Defendant engaged in the business of operating orthodontic dental practices.

13.     Plaintiff began working for Defendant on or about February 3, 2016 as an hourly (i.e. $12 per hour) receptionist and continued employment with Defendant until about to September 14, 2016 in this position.

14.     On or about September 15, 2016, Defendant promoted Plaintiff to a treatment coordinator position where Plaintiff was promised payment of $13[1] per hour which was never received. Plaintiff continued to perform both her treatment coordinator duties along with her receptionist duties until November 11, 2016 when she resigned from her employment. During this time period, Plaintiff continued to receive pay at a rate of $12 per hour.

15.     From September 15, 2016 through November 11, 2016, Plaintiff also performed approximately 17 hours of after hour and weekend marketing duties for Defendant for which Defendant agreed to reimburse Plaintiff at an hourly rate of $12 per hour but failed to do so.

16.     Plaintiff approximates that she worked on average of 55 hours per week for Defendant and received payment for only 40 hours or less per week (i.e. 70-75 hours bi-weekly) as Defendant's management knowingly caused Plaintiff to clock out and underreport the hours worked. Plaintiff was paid at $12 per hour for the hours actually recorded and was underpaid both her straight time for hours up to 40 hours per week and time and half overtime for hours worked in excess of 40 hours per week.

---

[1]

For purposes of calculating damages, Plaintiff seeks reimbursement based on a rate of $12 per hour.

17.     Plaintiff did not properly receive straight time pay as agreed to nor did she receive overtime compensation for hours exceeding forty hours in a workweek in violation of and as contemplated by the FLSA.

18.     Plaintiff is owed a gross approximate amount of damages in the amount of $24,168.00. Exhibit "1" (Pro-forma damages calculation).

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## (OVERTIME)

19.     Plaintiff incorporates all allegations contained in the preceding paragraphs.

20.     At all relevant times Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

21.     Defendant's failure to pay overtime compensation to Plaintiff violates the FLSA.

22.     Plaintiff is not exempt from the right to receive the appropriate overtime pay under the FLSA.

23.     As a result of Defendant's failure to compensate its employees, including Plaintiff, Defendant has violated—and continues to violate—the FLSA, 29 U.S.C. §§ 206(a)(1)(C) and 207(a)(1).

24.     Accordingly, Plaintiff is entitled to complete compensation for hours worked.

25.     Additionally, Plaintiff is entitled to an amount equal to unpaid overtime wages, liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by 29 U.S.C. § 216(b).

26.    Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages described pursuant to 29 U.S.C. § 216(b).

27.    Alternatively, should the Court find Defendant acted in good faith and that it had reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

28.    Plaintiff is entitled to have the limitations period extended to three years because Defendant's actions were willful. 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendant plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

**PRAYER**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

a.    overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times the regular rate;

b.    an equal amount as liquidated damages as allowed under the FLSA;

c.    damages accrued up to three years;

d.    reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

e.    pre-judgment and post judgment interest at the highest rates allowed by law; and

f.    such other relief as to which Plaintiff may be entitled.

## COUNT II
## BREACH OF CONTRACT AND FAILURE TO PAY WAGES

29.     Plaintiff reavers and realleges paragraphs 1-18 herein.

30.     Plaintiff entered into an oral contract for wages with Defendant to be compensated for work performed.

31.     Plaintiff worked for Defendant and did not receive the compensation promised.

32.     Defendant, therefore, wrongfully deprived Plaintiff of wages that were due and owing and to which Plaintiff is lawfully entitled under an oral contract for wages with Defendant.

33.     Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to the costs of this action and reasonable attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendant for the unpaid wages that are due and owing, prejudgment interest, reasonable attorneys' fees and costs incurred in this action and any and all further relief this Court deems just and appropriate.

Respectfully submitted,

Law Offices of Goldberg & Loren, P.A.
100 S. Pine Island Rd., Suite 132
Plantation, FL 33324
Direct:       469-214-4111
Firm Phone: (800) 719-1617
Facsimile:   (888) 272-8822
E-Mail:      JLoren@goldbergloren.com

/s/ *James M. Loren*

_____

James M. Loren, Esq.
Attorney for Laura Kappos
Bar No.: 55409